of the policy referred to as condition 6 is specifically to the effect that where the provisions of the Motor Vehicle Financial Responsibility Law of any State are to be read into the policy, such provisions are to be effective "to the extent of the coverage and limitation of liability required by such law," but not in excess of the policy limits in amount. It is obvious that the word "coverage" in the quoted portion of condition 6 could only refer to coverage required by the Financial Responsibility Law. Such required coverage was in the sum of $5,000. This construction is reinforced by the further provision that, in no event would such coverage exceed the limits of liability stated in the policy. A judgment, therefore, would be justified under the circumstances, in the sum only of $5,000 and costs of suit.

The judgment of the circuit court of Alexander county is therefore reversed and judgment is entered here in favor of Carl Landis for the use of Melvin Talley, as against New Amsterdam Casualty Company, a corporation, in the sum of $5,000 and costs of suit.

*Reversed, and judgment entered here.*

BARDENS, J. and SCHEINEMAN, J., concur.

Lester E. Thomas et al., Plaintiffs-Appellants, v. Village of Southern View, Illinois, and James R. Cox, President of Board of Trustees of said Village et al., Defendants-Appellees.

Gen. No. 9,765.

Earl C. Cameron, and Pree & Pree, for appellants; James B. Martin, for appellees. Opinion by JUSTICE REYNOLDS. Not to be published in full. Opinion filed November 6, 1951; rehearing allowed January 16, 1952; opinion on rehearing filed June 10, 1952; rehearing denied August 18, 1952; released for publication August 18, 1952.

First Mutual Savings Association, Plaintiff, v. Benjamin O. Cooper, Auditor of Public Accounts of State of Illinois et al., Defendants.

Irving J. Lewis et al., Movants-Appellants, v. First Mutual Savings Association, Plaintiff-Appellee, and Benjamin O. Cooper, Auditor of Public Accounts of State of Illinois et al., Defendants-Appellees.

Gen. No. 9,797.

Charles G. Briggle, Jr., for appellants;